**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

**Boards of Trustees of the Ohio Laborers Benefits,**

    **Plaintiff,**

v.

**Eyler Asbestos, LLC,**

    **Defendant.**

**Case No. 2:23-cv-2264**

**Judge Michael H. Watson**

**Magistrate Judge Deavers**

## OPINION AND ORDER

Boards of Trustees of the Ohio Laborers Benefits ("Plaintiff") moves for default judgment against Eyler Asbestos, LLC ("Defendant"). Mot. Default J., ECF No. 10. Defendant did not respond to Plaintiff's motion. For the following reasons, Plaintiff's unopposed motion is **GRANTED**.

According to the Complaint, Plaintiff is the fiduciary of three employee benefit plans: the Ohio Laborers' District Council – Ohio Contractors' Association Insurance Fund; the Laborers' District Council and Contractors' Pension Fund of Ohio; the Ohio Laborers' Training and Apprenticeship Trust Fund; and one labor-management cooperative trust: the Ohio Laborers' District Council – Ohio Contractors' Association Cooperation and Education Trust. The plans are jointly referred to as the Ohio Laborers Benefits. The plans are contractually obligated to collect contributions to the LIUNA Tri-Funds, three national Labor-Management Cooperative Trusts.

Plaintiff alleges Defendant is an employer with a principal place of business in Montgomery County, Ohio. By virtue of executing collective bargaining agreements ("CBAs"), Defendant was obligated by the CBAs and Declarations of Trust establishing the Ohio Laborers Benefits and the LIUNA Tri-Funds to file monthly contribution reports, permit audits of its financial records, and make hourly contributions to the Ohio Laborers Benefits on behalf of all people defined in the CBAs. Defendant failed to make contributions in the amount and manner prescribed in the CBAs and Declarations of Trust.

After Defendant was served with this lawsuit and failed to respond, Plaintiff applied to the Clerk of Courts for an entry of default. Application, ECF No. 7. The Clerk entered default against Defendant pursuant to Federal Rule of Civil Procedure 55(a) on October 10, 2023. Entry of Default, ECF No. 8. Plaintiff moved for default judgment on December 12, 2023. Mot. Default J., ECF No. 10.

Accordingly, Plaintiff's unopposed motion for default judgment is **GRANTED**. The Clerk of Courts is **DIRECTED** to enter **JUDGMENT** against Defendant.

The Court awards $3,984.66. That amount represents the known unpaid fringe benefit contributions ($279.23), liquidated damages on the unpaid contributions ($31.33) and interest on the unpaid contributions through November of 2023 ($18.53), awardable pursuant to 29 U.S.C. § 1132(g)(2)(A)–(C) and the CBAs. The award also includes attorneys' fees in the amount of $3,243.84 and $411.73 in costs, in accordance with 29 U.S.C. § 1132(g)(2)(D).

Additionally, the Court awards post judgment interest at a rate of 1% per month. The Clerk shall therefore enter judgment in the amount of **$3,984.66 plus post judgment interest at the rate of 1% per month** and terminate this case.

**IT IS SO ORDERED.**

*/s/ Michael H. Watson*
**MICHAEL H. WATSON, JUDGE**
**UNITED STATES DISTRICT COURT**